# UNITED STATES DISTRICT COURT
## SOUTHERN OF TEXAS
## HOUSTON DIVISION

**ERNESTO, SIMPSON**             ___CV_____

        *Plaintiff*

**vs**

**PCF PROPERTIES IN TEXAS LLC**

        *Defendants*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 28 U.S.C. §§ 9027, Plaintiff Ernesto Simpson and Defendant PCF Properties in Texas LLC, (the "Parties") hereby give notice of the removal of this action from the County Court at Law Number Two Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston for referral to the Bankruptcy Court . In support of the Notice of Removal, the Parties allege as follows:

This action is being removed from the County Court at Law Number Two Harris County, Texas, as Ernesto Simpson vs. PCF Properties in Texas LLC., Cause No. 1249845 (the "Lawsuit"). Plaintiff Ernesto Simpson and Defendant PCF Properties in Texas LLC, reached a settlement agreement that was approved by the Court on May 8, 2025, and the case was dismissed with prejudice.

On May 19, 2025, P.C.F. PROPEPRTIES IN TX LLC, (a similar but unrelated named entity) had attempted to intervene by filing a "Petition Intervention" in said above-mention closed case after judgment and dismissal with prejudice. Texas courts recognize an "expansive" intervention doctrine in which a plea in intervention is untimely only if it is "filed after judgment," *Texas v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *First*

*Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984). Such as here in this case P.C.F. PROPERTIES IN TX LLC, plea is untimely. Moreover, one cannot intervene after final judgment has been entered or dismissal of the claims with prejudice. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008). This is true because there no longer exist a pending case for which an intervenor can intervene in to.

Instead the Parties filed a "Mandatory Transfer or Referral" in that P.C.F. PROPEPRTIES IN TX LLC, seeks claims for relief from a prior judgment rendered on February 14, 2019 in the case styled case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under Cause No. 2018-14171 in the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171 and local Rule 3.2.1 mandates any claim for relief based upon a prior judgment shall be assigned to the court of original judgment.

The Honorable Judge Nicole V. Perdue of the 133rd Judicial District Court, Harris County, Texas, District Clerk had advised the Parties that a "Motion to Enforce" could be filed to enforce the February 19, 2019, judgment, has since advised that the motion could not be filed because the case is still in federal court; and

Non-Party P.C.F. PROPEPRTIES IN TX LLC, claims cannot be transferred to the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171 as local Rule 3.2.1 mandates because that case is presently pending in U.S. Southern Bankruptcy Court of Texas; Houston in the case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under Cause No.22-03824.

The case styled as *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause No.2018-14171, was remove to federal court settled and never remanded back to state court.

The Parties seeks the Court to consolidate P.C.F. PROPEPRTIES IN TX LLC, with the case *Robert L. Thomas* and James *Allen vs. McCarty & Holtus LLP Non-Existent Flagstone Lending Group and J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause No.22-03824 in the bankruptcy court and then to remand said case back to the 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171.

The Parties seeks the Court to sever the case styled as Ernesto Simpson vs. PCF Properties in Texas LLC., Cause No. 1249845 (the"Lawsuit"), back to the County Court at Law Number Two Harris County, Texas.

This removal is timely as Non-Party P.C.F. PROPEPRTIES IN TX LLC, filed its plea into the wrong court on May 19, 2025, and need to be transferred or referred to 133rd Judicial District Court, Harris County, Texas under cause No.2018-14171.

The removal is necessary to avoid waste judicial resources by not continuing to relitigate the same the issues over and over again despite the existence of prior judgments on the merits barring such relitigation and in the interest of justice.

Dated: June 2, 2025.

Respectfully submitted,

By:/s/*James M. Andersen*
James M. Andersen Pro, Se
P. O. Box 58554
Webster, Texas 77598-8554

Tel. (281)488-2800
Jandersen.law@gmail.com

*Attorney for Ernesto Simpson*

/s/Alzadia Spires
Alzadia Spires
Attorney at Law
SBN: 24099975
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429
Phone: (713) 417-4662
EMail: alzadia@spireslawfirm.com

*Attorney for PCF Properties in Texas LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 2, 2025, a copy of the foregoing Notice of Removal was served EFC- Service System on all parties of record and on the Clerk of County Court at Law Two.

By:/s/James M. Andersen